51    63
133   601
134   177

51    63
e210  ²556

THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.*
THE SOUTH PARK COMMISSIONERS,

*v.*

ERASTUS S. WILLIAMS, Judge of the Circuit Court of
Cook County.

1. EMINENT DOMAIN—*taking private property for public use—of the compensation therefor.*   Where the land of an individual is condemned for public use, as for a public park in a city, and the damages assessed therefor, until the damages are paid the land cannot be occupied for the purpose for which it was condemned; but it has been held such damages may be paid by the benefits conferred upon the owner by the contemplated improvement.

2. SOUTH PARK OF CHICAGO—*appointment of park assessors—ascertaining amount required for condemnation of land.*   The act of February 24, 1869, in reference to the South Park, in the city of Chicago, confers the power to condemn land for the purposes of the park, and, as soon as the park commissioners shall ascertain, with reasonable certainty, the amount required for the condemnation of the grounds selected for the park, it is made the duty of the Judge of the Circuit Court of Cook county, to appoint assessors to assess the amount so ascertained, upon property subject thereto, in proportion to the benefits resulting to such property, and this duty of the circuit judge to appoint the assessors arises whenever the commissioners shall determine what amount, in their judgment, will be required, and shall apply to the judge to make the appointment.

3. The act prescribes no particular mode in which the commissioners shall ascertain the amount required; they are sworn officers, and there is no guide in that respect, but their own judgments. Nor is it necessary the precise amount should be ascertained, but an approximation only.

4. SAME—*of the mode of payment of damages assessed.* The act provides the means of making compensation to owners of land condemned, by adopting the mode prescribed in the act of June 22, 1852, in relation to condemning the right of way for the purpose of internal improvement, by which ample provision is made for the payment of the condemnation money.

Application for mandamus.

The opinion states the case.

Messrs. BECKWITH, AYER & KALES, for the relators.

Messrs. STORRS & WILSON, for the respondent.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an application by the South Park Commissioners, for a mandamus to compel the judge of the Circuit Court of Cook county to appoint three freeholders of that county as park assessors, agreeably to the provisions of sec. 7 of the act of the general assembly, of February 24, 1869, entitled "An act to provide for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake."

The 7th section of the act to which reference is made, is as follows:

"As soon as the amount required for the condemnation of the grounds selected for said park shall have been ascertained by said commissioners, with reasonable certainty, they shall apply to the judge of the Circuit Court of Cook county for the appointment of three freeholders of the county of Cook as park assessors. The commissioners shall give notice in one

or more of the daily newspapers published in the city of Chicago, of the time when such application will be made, and all parties interested may appear and be heard by the said judge, touching such appointment.   At the time fixed for such application, the court, after hearing such persons as shall desire to be heard, touching such appointment, shall nominate and appoint three assessors for the purposes provided in this act. The said assessors shall proceed to assess the amount so ascertained, upon property in the towns of South Chicago, Hyde Park and Lake, in Cook county, deemed benefited by reason of the improvement occasioned by the location of said park, as near as may be in proportion to the benefits resulting thereto : *Provided,* That the aggregate of said benefits is equal to or greater than the amount of said damages ; and in case the aggregate of the benefits is less than the damages, then the balance of the damages over the benefits shall be paid from the fund provided for in section eight of this act.   Upon entering on the duties of their office, the said assessors shall make oath before the clerk of the said circuit court faithfully and impartially to discharge the duties of their office.   They shall give at least ten days' notice in one of the said daily papers, of the time and place of their meeting for the purpose of making said assessment, and may adjourn such meeting from time to time until the same shall be completed.   In making the said assessment the said assessors shall estimate the value of the several lots, blocks or parcels of land deemed benefited by them as aforesaid, and shall include the same, together with the amount assessed as benefits, in the assessment roll.   All parties interested may appear before said assessors, and may be heard touching any matter connected with the assessment.   When the same shall be completed, it shall be signed by the assessors, and returned to the said circuit court, and shall be filed by the clerk thereof.   The assessors shall thereupon give at least ten days' notice in one of the said daily papers, of the filing of said assessment roll, and that they will, on a day therein named, apply to the said circuit court for confirmation of the

same, which said notice shall be published at least ten days before the time fixed for such application. Said circuit court shall have power to revise, correct, amend or confirm said assessment in whole or in part, and may make or order a new assessment in whole or in part, and the same revise and confirm upon like notice. All parties interested may appear before said circuit court, either in person or by attorney, when such application shall be made, and may object to said assessment, either in whole or in part, provided all objections shall be in writing, and shall be filed at least three days before the time fixed for the application, and shall specify the lot, block or parcels of land on behalf of which objection is made. After the confirmation of said assessment, the clerk of said circuit court shall file a copy thereof, under the seal of his said court, with the clerk of the County Court of Cook county, and such assessment shall be a lien upon the several lots, blocks or parcels of land assessed for benefits as aforesaid. Ten per cent. of the amount so ascertained shall be due and payable annually, and the clerk of said Cook County Court shall include in the general tax warrants for each year, until the whole sum shall be paid, for the collection of State and county taxes in the said towns of South Chicago, Hyde Park and Lake, ten per cent. of the said assessments, in an appropriate column, to be termed " South Park Assessment," with the amount to be collected opposite the several lots, blocks or parcels of land assessed as aforesaid ; and like proceedings in all respects shall be had for enforcing the collection of the same as is now provided by law for the collection of State and county taxes. The money collected under the provisions of this section shall be paid to the treasurer of Cook county, for which he and his sureties shall be responsible, as fully as for any other moneys by him received as treasurer of Cook county, and be held by him in the same manner and be subject to the same control and direction, as provided in this act for other moneys belonging to said corporation; and the treasurer of Cook county shall be entitled to receive one-half of one per cent., and no more, of said

moneys as a full compensation for receiving and disbursing the same."

The judge of the circuit court refused to act upon the petition to appoint the park assessors, until this court should express an opinion that the act referred to is so far valid that park assessors ought to be appointed by him, and until it is determined that the petitioners have ascertained the amount required for the condemnation of the ground for the park, as required by that act.

Thus, two questions are presented for our adjudication, the first and most important of which,—the central question,—the validity of the act of February 24, was fully discussed, and its validity established, in the case of the same relators against Salomon, clerk of the County Court of Cook county.

The other question is to be determined by the provisions of the act itself. By reference to that, none will be found specifying in what particular mode the park commissioners should ascertain the probable amount necessary to be raised to pay for the lands embraced in the park. They must make a careful estimate, upon proper inquiry and examination, and that in advance of the purchase or condemnation of the land wanted. They are sworn officers, and we know of no guide but their own judgments as to the amount which may be required. It is not to be presumed such officers, sworn well and properly to discharge the duties of their office for the interests of the public, would, from any consideration, swerve from that oath, nor do we see any inducement for them to do so. By the charter of most cities, street assessments are made in a like manner, and are levied in advance of the improvement contemplated. Proper officers are appointed to make such estimates. This law does not contemplate that the precise amount shall be estimated by the commissioners, but an approximation only, and there would seem to be no safer mode to effect this, than through the judgment of sworn officers.

The great objection to proceeding to appoint the assessors, by the circuit court, was, evidently, a doubt of the validity of the act itself, and as that is settled by the case of Salomon, *supra*, it is scarcely necessary to enlarge upon minor and subordinate considerations.

On the point made by counsel, that no means are provided by the act for paying the compensation to be made to the property owners, it is a sufficient answer to say, that by the 5th section, proceedings to condemn the land wanted, and not granted or purchased, can be instituted and carried on in the manner prescribed by the act of the general assembly of June 22, 1852, entitled "An act to amend the law condemning right of way for the purpose of internal improvement," by which ample provision is made for the payment of the condemnation money, before the land condemned can be appropriated. If the damages assessed are not paid, the park commissioners cannot occupy the land, for it is the well established doctrine of this court, that in no other mode can an owner be deprived of his land through the exercise of the power of eminent domain. *Shute* v. *Chi. & Mil. R. R. Co.*, 26 Ill. 436. It has been held by this court that benefits may be the compensation contemplated by the constitution, *State* v. *Evans*, 2 Scam. 208, and subsequent cases, thus paying for the land by the benefits conferred upon the owner by the contemplated improvement. However unreasonable and unjust this may seem to be, it is the law of this court.

A peremptory mandamus will issue, according to the prayer of the petition.

*Mandamus awarded.*