## No. 9093.

NEW ORLEANS PACIFIC RAILWAY COMPANY VS. GEORGE M. MURRELL.

In proceedings by a railroad company for the forced expropriation of lands for the construction of its road, the test of the value of the lands is their market value as shown by the evidence. The assessment of a plantation of several hundred acres of land, among which is a large proportion of swamp lands, at an average price per acre, by the owner, will not estop him from proving a higher value of that portion of his lands which the railroad company proposes to use.

The railroad company is responsible for all impediments to drainage and to the system of cultivation which the location of the road causes to the owner of the expropriated and contiguous lands. Vicksburg, Shreveport and Pacific R. R. Co. vs. Dillard; Bourdier & Belliesen vs. Morgan R. R. Co. Affirmed.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Hébert,* Judge *ad hoc.*

---

*Kennard, Howe & Prentiss* for Plaintiff and Appellant.

*David N. Barrow* for Defendant and Appellee.

---

The opinion of the Court was delivered by

POCHÉ, J. This suit, which has for its object the expropriation of so

much of defendant's lands as may be necessary for the construction of plaintiff's road, and the adjustment of the value of the same, and of damages occasioned to defendant by the location of the road, was before us in April, 1882. 34 A. 536,

As the jury of freeholders had erroneously compensated the value of the right of way and of the damages caused to defendant, by certain works which they required the railroad company to perform on defendant's plantation, we remanded the cause with instructions to the court to direct the jury to ascertain, in details, the value of the lands and the items of damages which the nature of the case would call for.

This appeal is taken by plaintiff from the judgment predicated on the finding of the second jury of freeholders empanelled under our order remanding the cause.

Their verdict was, in substance, as follows:

1. They allowed for the company's right of way, 5 74-100 acres, which they valued at $50 per acre, making the sum of. $ 287 00

2. They allowed to defendant as expenses for changing head lines, building bridges and roads on both sides of the railroad ................................................ 522 00

3. They allowed to defendant for damages to 150 acres of land, including the loss by small triangles, by rain water backed up on said lands by an embankment thrown up in the rear of the same, the sum of................................. 1800 00

Total amount allowed by verdict..........................$2609 00

Plaintiff's complaint is that the verdict is largely excessive, and we are urged to reduce it by more than one-half.

1. As to the value of the right of way, it is contended that, as the defendant himself in his assessment had valued his plantation containing 1063 acres, in area, at $20 an acre, that figure should be the maximum of the allowance for his lands.

This is hardly a fair test for a plantation which contains a large proportion of wood and swamp lands which, together with the front and improved lands, are valued at an average of $20 an acre.

The verdict of the jury is amply supported by the testimony of competent and disinterested witnesses.

2. The damages allowed under the second item of the verdict are intended to cover the expenses for re-establishing the fields which have been cut up and disarranged by the road.

The plantation is situated on the Mississippi river whence it extends to the rear between slightly opening or diverging lines, and is estab-

lished as a sugar plantation. Hence, it contains numerous roads and ditches, and is distributed into sub-divisions commonly known as "cuts," so as to facilitate the cultivation as well as the drainage of the lands.

Now, as the railroad crosses the plantation diagonally, it follows that the cuts bordering on both sides of the road are all disarranged and that in those parts of the field a new division must be made and a new system of cuts must be established. This operation necessitates the closing of certain ditches and the cutting of others; the filling up of certain cross roads, and the laying out of new roads, so as to fit the new head lines, and it necessitates the removal of old bridges and the construction of new ones, so as to connect the new cuts with the main or leading roads.

The plantation has upwards of twenty ditches and contains numerous cuts to be attended to, and the evidence shows conclusively that the allowance of the jury for these important items is very reasonable.

3. The third item covers mainly the damages to the drainage of the plantation.

The record shows that its main drainage is by means of a bayou which runs to the rear, at about the centre of the place, and that several hundred acres of its lands had a surface drainage to that bayou which is crossed by the railroad at a point where such lands are in the main situated. The embankment of the road impedes that drainage, and, after heavy rains, the waters stagnate two or three days on these low lands, and sometimes back up on the higher and better lands of the place. In consequence of this defective drainage a large quantity of these lands have become unfit for cultivation. In addition to this, the record shows that the boxes and flues placed by the company in the leading ditches are defective, many of them being placed too high in the ditches, and others are too small for a free flow of the waters, from which, considerable damage is caused to the drainage of the place.

This item also covers the loss occasioned to the place by the total loss of parcels of land included in triangles formed by the bayou mentioned above, the railroad and large ditches.

A careful scrutiny of the testimony has satisfied us that the allowance on the score of such damages is quite reasonable.

The rule of law requires of a railroad company, in enforcing its right of way over the lands of others and in constructing its road, to have the adjoining lands and fields which it crosses, in the same condition as regards the facilities of cultivation and as concerns the utility of

those lands to their owners, as they were before the entry of the company. Bourdier & Belliesen vs. Morgan's Louisiana and Texas R. R. Company, 35 A., 947; Vicksburg, Shreveport and Pacific Railroad Company vs. Dillard, Foster *et al.* 35 A. 1045.

The record shows that, as the road crosses the defendant's plantation at a considerable distance from the sugar-house, in the rear thereof, and as the plantation has its shipping facilities from the Mississippi river, it derives little or no benefit from the location of the road. We are unable to find any fault with the verdict of the jury.

Judgment affirmed.