NETTE *v.* NEW YORK EL. R. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

ELEVATED RAILROADS—MEASURE OF DAMAGES—INSTRUCTIONS.

In an action to enjoin the maintenance and operation of an elevated railroad in the street in front of plaintiff's premises, the referee erred in refusing to find, as a conclusion of law, that "in estimating damages, the benefits accruing to said premises and peculiar thereto, from the maintenance and operation of said railroad, should be set off against any inconvenience resulting from said railway to said premises." *Bohm* v. *Railway Co.*, 29 N. E. Rep. 802, 129 N. Y. 576, followed.

Appeal from equity term.

Action by Charles Nette against the New York Elevated Railroad Company and the Manhattan Railway Company to enjoin the maintenance and operation of an elevated railroad in the street in front of plaintiff's premises. From a judgment for plaintiff, awarding an injunction and damages, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*William R. Page*, (*Julien T. Davies* and *William R. Page*, of counsel,) for appellants. *William McArthur*, (*Robert Sewell* and *J. Aspinwall Hodge, Jr.*, of counsel,) for respondent.

PRYOR, J. In order to determine the measure of damages to which plaintiff might be entitled, if to any, defendants requested the learned referee to find, as a conclusion of law, that "in estimating the damages, if any, herein, the benefits accruing to said premises, and peculiar thereto, from the maintenance and operation of said railroad, should be set off against any inconvenience resulting from said railway to said premises." The finding was refused, and the defendants duly excepted. Here was error. *Messenger* v. *Railway Co.*, 129 N. Y. 502, 506, 29 N. E. Rep. 955. That the request propounded the correct rule of law applicable to the case is no longer open to question in the courts of this state, (*Bohm* v. *Railway Co.*, 129 N. Y. 576, 29 N. E. Rep. 802; *Newman* v. *Railway Co.*, 118 N. Y. 618, 23 N. E. Rep. 901;) and the defendants were entitled, therefore, to its observance in the award of damages against them. The inevitable inference from the refusal of the referee to recognize the rule in the trial of the case is that it was of no effect upon his decision, and that in the computation of damages he made no allowance for benefits to the property from the presence and operation of defendants' railroad. Had he found that the railroad is of no benefit to plaintiff's property, or were there no evidence in the case authorizing a finding of such benefit, the refusal might be sustained, because involving denial of a mere abstract proposition, and so of no detriment to defendants. But, since the referee omits to find the absence of such benefit, and since the evidence is ample to warrant a finding of the fact of such benefit,—*Purdy* v. *Railway Co.*, (Com. Pl. N. Y.) 13 N. Y. Supp. 295, 299,—it is impossible for us to say that the referee, in the award of damages against defendants, did not decline to credit them with the effect of benefits actually communicated to plaintiff's property by the presence and operation of their railroad. The amount of damages allowed to plaintiff is, upon a negation of the rule propounded in the request, perfectly consistent with the hypothesis that, on a balance of loss and benefit to the property from the railroad, benefit preponderates over loss. For apparent error in the record of probable prejudice to applicants, the judgment must be reversed. It may not be without advantage to the parties on another trial of the action, if we express the doubt we entertain, whether the complaint should not have been dismissed for defect of proof of substantial injury to plaintiff's property. *Hoffman* v. *Railroad Co.*, 20 N. Y. Supp. 625, (herewith decided.) Judgment reversed, and a new trial ordered, costs to abide event. All concur.