SALT LAKE & U. R. CO. v. BUTTERFIELD, et al.

No. 2717.   Decided July 12, 1915.   (150 Pac. p. 931.)

1. EMINENT DOMAIN—CONDEMNATION—DAMAGES.   Notwithstanding Comp. Laws 1907, section 3598, declaring that from the damages for condemnation of property shall be deducted the benefits, general benefits for the establishment of a railroad cannot be deducted from the damages to owners whose land was taken for a right of way.[1]   (Page 433.)

2. TRIAL—INSTRUCTIONS—REFUSAL.   The refusal of requests covered by the charge given is not error.   (Page 435.)

3. EVIDENCE—OPINION EVIDENCE—EXPERT TESTIMONY.   Where a witness was qualified to give opinion evidence, the fact that his qualifications were shown in an informal manner will not render the admission of his testimony erroneous.   (Page 435.)

Appeal from District Court, Third District; *Hon. C. W. Morse,* Judge.

Condemnation by the Salt Lake & Utah Railroad Company against Almon T. Butterfield and another.

Judgment of condemnation and damages.   Plaintiff appeals.

*Henry I. Moore* and *Evans, Evans & Folland,* for appellant.

*Stewart, Stewart & Alexander,* for respondents.

FRICK, J.

The plaintiff commenced this proceeding in the district court of Salt Lake County to condemn a right of way over defendant's farm for railroad purposes.   The evidence, in substance, shows that the defendant owns an irrigated farm of about ninety-two acres, and that the right of way in question runs through the same as indicated on the following plat:

---

[1]*Railroad Company* v. *Fox,* 28 Utah, 311, 78 Pac. 800; *Hempstead* v. *Salt Lake City,* 32 Utah, 261, 90 Pac. 397; *Felt* v. *Salt Lake City,* 32 Utah, 275, 90 Pac. 402; *Kimball* v. *Salt Lake City,* 32 Utah, 253, 90 Pac. 395, 10 L. R. A. (N. S.) 483, 125 Am. St. Rep. 859.

The farm is irrigated from the canal so marked on the plat which runs west of the strip condemned, and which strip is fifty feet in width, marked "R. R." on the plat. It will be observed that the railroad runs somewhat diagonally through the farm, and the evidence is to the effect that in constructing and operating the road it will effect, and, to some extent at least, increase, the labor and expense of irrigating the land, in cultivating it, and in raising and harvesting the crops to be grown thereon. The farm was shown to be in a high state of cultivation and quite productive, and without the railroad upon it is easily cultivated and farmed. The jury found the value of the land actually taken to be $400, the "damage to the remaining portion" of the farm to be $1,000, and for "crops destroyed" $50, or $1,450 in all. The court entered judgment upon the verdict, and the plaintiff appeals to this court.

Appellant's counsel, in their brief, state the matter presented for review thus:

"The errors upon which the appellant relies for a reversal of the judgment consist of the giving of an erroneous instruction, the refusal to give appellant's requests, and the erroneous admission of testimony in the nature of opinion evidence, without having sufficiently qualified the witness."

The instruction excepted to and referred to above reads as follows:

"In determining the question as to whether any benefits have accrued to the remaining portion of the land by reason of the construction and operation of the railroad on the land taken, you should not take into consideration any benefits shared by the defendants as owners of this land with the community in general, but only such benefits as are special to this particular property."

Counsel strenuously insist that the court erred in charging the jury that they should not offset general benefits against the damages, if any, they found the defendant would sustain to that portion of the land not taken or appropriated by the appellant. Counsel argue that, under our statute (Comp. Laws 1907, Sec. 3598), general benefits should be offset against what may be called special damages to the land not taken. They further insist that such is the law in many of the states of the Union. In support of their contention they cite the following cases: *Selma, etc., R. R. Co.* v. *Keith,* 53 Ga. 178; *Louisville & N. R. R. Co.* v. *Ingram* (Ky.), 14 S. W. 534; *New Orleans Pac. R. R. Co.* v. *Murrell,* 36 La. Ann. 344; *Travis County* v. *Trogdon,* 88 Tex. 302, 31 S. W. 358; *Alabama & Florida R. R. Co.* v. *Burkett,* 46 Ala. 569. *San Francisco, etc., R. R. Co.* v. *Caldwell,* 31 Cal. 367; *Fulton* v. *Dover,* 8 Houst. (Del.) 78, 6 Atl. 633, 12 Atl. 394, 31 Atl. 974; *People* v. *Williams,* 51 Ill. 63; *Forsyth* v. *Wilcox,* 143 Ind. 144, 41 N. E. 371; *Nette* v. *New York L. El. R. R. Co.,* 1 Misc. Rep. 342, 20 N. Y. Supp. 627; *Putnam* v. *Douglass County,* 6 Or. 328, 25 Am. Rep. 527; *White* v. *Charlotte R. R. Co.,* 6 Rich. (S. C.) 47; *Kennedy* v. *Indianapolis,* 103 U. S. 599, 26 L. Ed. 550.

We cannot agree with counsel that section 3598, *supra,* should receive, or that it even admits of the construction contended for by them. Indeed, this court has given that section practically the effect which the trial court apparently gave it in the instruction excepted to. *Railroad Co.* v. *Fox,* 28 Utah, 311, 78 Pac. 800, where the section is quoted and applied. The same rule was again followed in *Hempstead* v. *Salt Lake City,* 32 Utah, 261, 90 Pac. 397; *Felt* v. *Salt Lake City,* 32 Utah,

275, 90 Pac. 402; *Kimball* v. *Salt Lake City,* 32 Utah, 253, 90 Pac. 395, 10 L. R. A. (N. S.) 483, 125 Am. St. Rep. 859.

Referring, now, to the California case cited by counsel. It is true that in *San Francisco, etc., R. R. Co.* v. *Caldwell, supra,* the rule contended for by counsel is apparently sustained. We say ''apparently'' for the reason that the court in that case followed a special statute. In a much later case, namely, in *Beveridge* v. *Lewis,* 137 Cal. 619, 67 Pac. 1040, 70 Pac. 1083, 59 L. R. A. 581, 92 Am. St. Rep. 188, the rule adopted by this court is the one that is enforced in the latter case. In that case the court, in referring to the question now under consideration, says:

"General benefits consist in an increase in the value of land common to the community generally, from advantages which will accrue to the community from the improvement. Lewis on Eminent Domain, Sec. 471. They are conjectural and incapable of estimation. They may never be realized, and in such case the property owner has not been compensated save by the sanguine promise of the promoter."

The court then defines special as contradistinguished from general benefits and says that general benefits, as a rule, are based upon what the court calls the chance of increase in value by increased population and by increased facilities of transportation, etc. The court then proceeds:

"This chance for gain is the property of the landowner. If a part of his property is taken for the construction of the railway, he stands in reference to the other property not taken like similar property owners in the neighborhood. His neighbors are not required to surrender this prospective enhancement of value in order to secure the increased facilities which the railroad will afford. If he is compelled to contribute all that he could possible gain by the improvement, while others in all respects similarly affected by it are not required to do so, he does not receive the equal protection of the law."

The same view is expressed by the author in 2 Lewis, Eminent Domain (3d Ed.) pp. 1198, 1199, where the cases in support of the foregoing text are collated by the author. In view of the foregoing, and in view of what we said in *Railroad* v. *Fox* and in *Hempstead* v. *Salt Lake City, supra,* we do not deem it necessary to review the other cases cited by counsel, nor to discuss the subject further, except to say that in our

judgment the rule adopted by the trial court is the proper one, and is, as we think, sustained by the great weight of authority.

The assignments relating to the refusal to charge as requested must also fail for the reason that some of the requests refused merely stated the measure of damages as contended for by counsel, and which we have just discussed, while the subject-matter of the other requests was sufficiently covered by the court's general charge. At all events, it is apparent from the record that the refusal to charge as requested in no way prejudiced appellant in any of its substantial rights.

Finally, the contention that the court erred in permitting a witness to testify upon subjects concerning which he was not qualified to testify can, in our opinion, not be sustained. While the qualifications of the witness in question should, perhaps, have been shown in a more formal manner, yet, from the whole of his testimony, it is clear that he possessed the requisite knowledge and experience under the law to authorize the court to receive his testimony. That being so, the weight to be given to that testimony was for the jury.

Upon a careful examination of the whole record we can discover no prejudicial error. The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.