KIMBALL et al. v. SALT LAKE CITY.

No. 1802.   Decided May 8, 1907 (90 Pac. 395).

1. EMINENT DOMAIN—COMPENSATION—CHANGE OF STREET GRADE. Revised Statutes 1898, section 282, makes cities liable for damages to property in case the established grade of a street is changed after improvements have been made upon the property in conformity with the prior established grade, and provides that the right to recover damages for change of grade shall apply to all cases of improved property where grades have theretofore been determined upon and established, but not carried into effect. Constitution article 1, section 22, provides that private property shall not be taken or damaged for public use without just compensation. *Held*, that where a grade of a street was established, but was not carried into effect, and thereafter buildings were erected on property abutting on the street, defendant city was liable for a change of grade resulting in damage to the buildings and property.

2. EMINENT DOMAIN—CONSTITUTIONAL PROVISIONS. The fact that plaintiffs' house was erected before Constitution article 1, section 22, providing that private property shall not be taken or damaged for public use without just compensation, went into effect, did not preclude plaintiffs from recovering from defendant city damages resulting from a change of grade in a street thereafter made.

3. SAME—INTEREST. Where plaintiffs' property was injured by change of a street grade made by defendant city, plaintiffs were entitled to recover interest on the amount of the damages from the time of the completion of the work injuring the property.

4. SAME—MEASURE OF DAMAGES. Where plaintiffs' property was injured by a change in a street grade made by defendant city, the measure of damages was the difference in the market value of the property affected between the date of the commencement of the work and the date of its completion, less direct benefits.

5. APPEAL—INSTRUCTIONS—HARMLESS ERROR. Where an instruction offered by defendant covered no issue in the case, a modification of it, making it neither better nor worse, was harmless error.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by Eugenia Kimball and others against Salt Lake City, a municipal corporation. Judgment for plaintiffs, and defendant appeals.

AFFIRMED.

*Ogden Hiles* and *H. J. Dininny* for appellant.

*King, Burton & King* and *S. Russell* for respondents.

### APPELLANT'S POINTS.

In an action for damages to property by reason of an improvement by a city, there is no debt due the plaintiff until the damages are ascertained by a jury, and no interest is allowed from the time the damage was sustained. (*Chicago v. Allcock,* 86 Ill. 384.)

In actions *ex delicto* it is in the discretion of the jury to allow or not allow interest, and the question should be submitted to them. (*Walrath v. Redfield,* 18 N. Y. 457.)

For the raising or lowering of the grade of a street by a municipality from the natural surface to the grade established in the first instance, the municipality is not liable to the abutting lot owner for consequential damages to his property, unless the change of grade is unreasonable or has been negligently made. (*Leeper v. Denver,* 85 Pac. 849, and cases cited. 2 Dillon on Municipal Corporations, sec. 995a; *Jeffersonville v. Myers,* 28 N. E. 999, 1001.)

The mere establishment of a grade on paper prior to the one which was consummated by the physical construction cannot be considered. (2 Abbott on Municipal Corporations, p. 1917.)

A city has the right to establish the grade of its streets, and it is only when the grade is changed after having been once established that damages can be allowed therefor to property owner. *Railroad v. Early* [Kan.], 26 Pac. 422; *Wabash v. Alber,* 88 Ind. 428; *Keehn v. McGillicuddy* [Ind.], 44 N. E. 554.

That plaintiffs were entitled to interest from the date their property was taken, or damaged, we submit is supported

by the overwhelming weight of authority. (15 Cyc. 744; *Hampton v. Kansas City,* — Mo. App. 129; 2 Suth. on Dam. [3rd Ed.], p. 916; *Cinn v. Whetstone,* 47 Oh. St. 196; *Parks v. Boston,* 15 Pick. 198; *Whitman v. Railroad,* 7 Allen 313; *Phillips v. Park Commissioners,* 119 Ill. 626-646; *Railroad v. Vurson,* 61 Penn. St. 369; *Kidder v. Oxford,* 116 Mass. 165; *Diedrich v. Railroad,* 47 Wis. 662; *Railroad v. Jones,* 80 Pac. 852; 2 Lewis on Em. Dom., sec. 499.)

But if this court shall be of opinion that the item of interest is not recoverable in this case, the judgment can be modified by eliminating it, and as modified, stand. (*Nichols v. Railroad,* 7 Utah 510; *Shaffer v. Russell,* 28 Utah 444; 2 Spell. New Trial & App. Pro., sec. 713.)

When an abstract statement is given by the court, having no particular reference to the evidence before the jury, it will be presumed the jury properly applied it to the case before them, and will not be ground for reversal. (*Clampitt v. Kerr,* 1 Utah 246, Affirmed in 91 U. S. 188.)

Even when instructions are given which do not relate to the issues, if it is apparent that they do not operate to the prejudice of the party complaining, the judgment will not be reversed. (11 Enc. Pl. & Pr. p. 164; *Turnpike Co. v. Moore,* 82 Ind. 208; *Lindley v. Sullivan,* 133 Ind. 588; *Miller v. Root,* 77 Iowa 545; *Martin v. Hill,* 3 Utah 157.)

If private property is taken or damaged by reason of any change in the street, whether from the natural surface grade or from an established grade, the city is liable. (*Lees v. Butte,* 72 Pac. 141; *Searle v. Lead,* 10 S. Dak. 312; *Bloomington v. Pollock,* 141 Ill. 346; *Eachas v. Railroad,* 103 Cal. 614.)

Where statutes give a right of action for damages, caused by a change in grade, they are to be considered remedial, and "should be liberally construed, and should be held to apply to the change from the natural grade where the street has been used at such grade. This is in accordance with the rule adopted in construing the constitutions giving compensation for property damaged or injured by public improve-

ments." (2 Lewis, Em. Dom., sec. 218; *Eachus v. Railroad,* 103 Cal. 614.)

Street grades may be established by implication, or by improving the street at its natural grade or otherwise. (*Gibson v. Zimmerman,* 27 Mo. App. 90; *Chattanooga v. Geider,* 13 Lea 611; *In the Matter of Grade,* 154 N. Y. 550.)

FRICK, J.

This action was instituted by the plaintiffs, respondents in this court, against the defendant city, appellant, to recover consequential damages to real property caused by public improvements made by appellant in changing a street grade in front of respondents' property. The property in question was used as a residence, and was materially affected by a fill of about ten feet in front thereof. The respondents filed a claim against the city for damages as provided by law, which was denied and hence this action. The case was tried to a jury, which awarded damages to respondents, upon which the court entered judgment, from which this appeal is prosecuted.

The appellant assigns various errors, but they all may be condensed into the following: (1) Error in allowing any damages; (2) error in the allowance of interest on the amount allowed by the jury from the date of the presentation of the claim to the city; and (3) error in giving certain instructions to the jury by the court.

The first alleged error arises as follows: The property in question was improved some time during 1899 or 1890 by erecting a dwelling house with all modern conveniences thereon. In 1884, as the evidence discloses, the city established a certain grade in front of the property which changed the natural or surface grade, but no attempt was ever made by the city to make the street conform to the grade as established by it. This grade, if it had been adhered to, would not have materially affected respondents' property. In the year 1903 the appellant changed the grade as established in 1884, and the filling in of the sidewalk and street in front of respondents' property was made to conform to this later

grade. It is urged by the appellant that the first grade was a mere "paper grade;" and, as nothing was attempted under it, it was in effect the same as if no grade had been established. It is further contended that the city had a right to establish or fix one grade changing the original or surface grade without becoming legally liable for consequential damages to property injuriously affected thereby, if such change was reasonably and carefully effected. No complaint being made in that regard, it is urged that appellant is not liable in this case.

This claim is based upon section 282, Revised St. 1898, which in effect provides that the cities of this state shall be liable for consequential damages to property in case the established grade is changed after improvements have been made upon the property in conformity with a prior established grade. Section 282 was passed in 1896 (Laws 1896, p. 120, c. 36), after the adoption of the Constitution of this state, and evidently for the purpose of harmonizing the statutes of this state with section 22 of article 1 of the Constitution, which provides: "Private property shall not be taken or damaged for public use without just compensation." In addition to the provision before alluded to, section 282 also provides that the right to recover damages for changes of grade shall apply to all cases of improved property, where grades have theretofore been determined upon and established but not carried into actual effect. In view of a possible construction of section 282, we need not determine, in this case, whether that section is or is not in harmony with the constitutional provision above quoted. The evidence is clear that the grade counsel for appellant call a "paper grade" was established in the year 1884, and that the respondents' dwelling was erected and improved in 1889 or 1890, and that the grade of 1884, if it had been carried into effect, would not have materially affected respondents' property, since the change of that grade was slight from the natural surface grade in front of the property. The house was thus erected and improvements made after the grade had been established and before the change thereof in 1903, under which the work

was done which caused the alleged damages. But apart from this, the great weight of authority is that, under constitutional provisions such as the one above quoted, the party whose property is injuriously affected by any change of grade may recover damages against the city for the diminution of the market value of his property to the extent that such diminution exceeds the direct benefits derived from the improvements causing the damage. It is true that, under the older Constitutions which provided for remuneration for property actually taken only, the right to recover consequential damages, unless expressly authorized by statute, was denied. It is likewise true that in some states the law is still to the effect that consequential damages are recoverable only where one established grade is changed to another, and that, until the grade is actually established and acted upon, the municipality is not liable for consequential damages. In other words, the city is given the right to depart from the natural or surface grade and establish a different one without liability, if not otherwise liable for negligence or want of care in constructing the improvement. This, however, is not the law under constitutional provisions like ours, which is thoroughly demonstrated by the following, among other cases upon the subject: *Lees v. Butte,* 72 Pac. 140, 28 Mont. 27, 61 L. R. A. 601, 98 Am. St. Rep. 545; *Searle v. City of Lead,* 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345; *Eachus v. Los Angeles, etc., Ry. Co.,* 103 Cal. 614, 37 Pac. 750, 42 Am. St. Rep. 149; *Smith v. City of St. Joseph,* 122 Mo. 643, 27 S. W. 344; *Davis v. Railway Co.,* 119 Mo. 180, 24 S. W. 777, 41 Am. St. Rep. 648; *Hickman v. Kansas City,* 120 Mo. 110, 25 S. W. 225, 23 L. R. A. 658, 41 Am. St. Rep. 684, and notes; *City of Harvard v. Crouch,* 47 Neb. 133, 66 N. W. 276; *City of Bloomington v. Pollock,* 141 Ill. 346, 31 N. E. 146. In section 223 of 1 Lewis on Eminent Domain the rule is tersely stated by the author, and the cases upon the subject, to a very large extent, are there given. We have carefully examined all the cases cited by counsel for appellant, with some others upon this subject. While many of them sustain their contention, these cases do so only because of the constitutional

or statutory provisions prevailing in the states from whose courts they emanate. In all of those states the constitutional or statutory provisions differ from our own, and hence these cases are not in point. There is, however, one exception to be noted, viz., the case of *Leiper v. Denver City,* 85 Pac. 849, in which the Supreme Court of Colorado follows what may be denominated the old rule, notwithstanding that that state has the constitutional provision found in many of the Constitutions adopted since 1870, above quoted. The Supreme Court of Colorado, however, frankly concedes that the great weight of authority is contrary to its holding in those states whose Constitutions are like ours, but feels constrained to hold to the latter view, for the reason that that court had in a former case in effect held that way. The adherence to precedent is no doubt a commendable judicial virtue, but, if carried to extremes, may easily, like most virtues, border upon vice. The law as declared by the courts should not be permitted to prevail against valid statutory enactments, and should in no event curtail or minimize constitutional provisions. This is well illustrated in the case of *Chicago v. Taylor,* 125 U. S. 161, 8 Sup. Ct. 820, 31 L. Ed. 638. The difference between the earlier and later rule of allowing a recovery for consequential damages arising out of public improvements is after all a difference of methods only in distributing burdens. Under the new rule the burdens for such damages are distributed among all the taxpayers, while, under the old, they fell upon those only who sustained the injury, unless relieved by special statutes. Sound arguments may be made in favor of both methods. One argument in favor of the old rule usually presented is that under the new rule the cities are often compelled to pay unreasonable damages for merely imaginary injuries. If this be so, then it is due to the fact that juries allow them and the trial courts permit them. If the damages allowed are excessive, the trial court can and should promptly correct the evil; but, if all damages are withheld, there is no redress. We are constrained therefore to hold that appellant's contention upon this point cannot prevail.

In this connection, counsel for appellant also contend that, inasmuch as the house was erected before the Constitution of this state went into effect giving relief for consequential damages, and as such damages could not have been recovered at the time the house was erected nor for a long time thereafter, therefore no recovery can be had in this case. Counsel, we think, overlook the purpose of the constitutional provision which was expressly adopted to afford a relief not then existing to all whose property might thereafter be damaged. No right to damages could accrue unless and until some injury was done. No injury was inflicted until the summer and fall of 1904, when the improvement was actually made by appellant. No right of action arose until then, and no cause for complaint existed prior to that time. It is well settled that the law in force at the time of the injury controls in actions of this kind. (*City of Bloomington v. Pollock, supra.*) It is manifest, therefore, that respondents are entitled to recover in this case under both the constitutional provision as well as under the statute aforesaid.

Another assignment is that the court erred in instructing the jury to compute legal interest on the amount of damages found by them from the date respondents presented their claim to appellant for allowance. At the time the claim was presented the injury and damages were complete, and respondents were limited in their proof in respect to the amount of damages as of the time when the improvements were completed. If, therefore, respondents were entitled to compensation at all, they were entitled to it from the time of the completion of the work at which time the entire injury to the property was complete. The difference of the market value of the property affected between the date of the commencement of the work and the date of its completion less direct benefits is the measure of damages, and this difference was owing from the appellant to respondents from the date that the work was completed, or, in any event, from the date of filing the claim. We have had occasion to pass upon the subject of when interest is to be allowed on claims for unliquidated damages at this term in the case of *Fell v. Union*

*Pacific Ry. Co.*, 88 Pac. 1003, and this case clearly falls within the principles announced in that case. In addition to the authorities there cited, the following support respondents' contention that interest is to be allowed in this class cf cases as a matter of legal right: *Cincinnati v. Whetstone*, 47 Ohio St. 196, 24 N. E. 409; *Hampton v. Kansas City*, 74 Mo. App. 129.

The error assigned in respect to the instruction offered by appellant as modified by the court cannot prevail. The instruction as offered by appellant covered no issue in the case, and the court's modification made it neither better nor worse. If the instruction had been applicable to any issue, the modification, we think, was proper. As appellant offered the instruction, and as the modification of it by the court left it as harmless as it was before, appellant cannot complain upon the ground that it may have misled the jury.

The judgment ought to be, and accordingly is, affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.