## RICHARDS et al. v. SALT LAKE CITY.

No. 2926.   Decided December 1, 1916 (161 Pac. 680).

1. MUNICIPAL CORPORATIONS—DAMAGES—JURY QUESTION. Where there was testimony that defendant city in adjusting a street grade took a strip of plaintiffs' land, tore down their fence, and dumped material on their property, held, that a directed verdict for defendant was properly refused.   (Page 31.)

2. EMINENT DOMAIN—DAMAGES—JURY QUESTION. Where defendant city increased the difference in levels between plaintiffs' property and the adjoining street from one to three feet, took a strip of their property and dumped material on their land, the city cannot be said as a matter of law to have merely corrected surface irregularities without injuring plaintiffs' property.   (Page 31.)

3. EMINENT DOMAIN—PUBLIC IMPROVEMENTS—DAMAGES—CONSTITUTIONAL PROVISION. Under Const. art. 1, Section 22, prohibiting the taking or damaging of private property without compensation, a city cannot make an initial grade of a street which damages the plaintiffs' adjoining property without compensating them for it.[1]   (Page 32.)

Appeal from District Court, Third District, *Hon. C. W. Morse,* Judge.

Action by Daniel B. Richards and Hester T. Cannon Richards against Salt Lake City. Judgment for plaintiffs, and defendant appeals.

AFFIRMED.

*H. J. Dininny, City Atty.,* and *Aaron Meyers* and *W. H. Folland, Asst. City Attys.,* for appellant.

*D. B. Richards* and *Geo. F. Goodwin* for respondents.

---

[1]*Kimball* v. *Salt Lake City,* 32 Utah 253, 90 Pac. 395, 10 L. R. A. (N. S.) 483, 125 Am. St. Rep. 859; *Hempstead* v. *Salt Lake City,* 32 Utah 261, 90 Pac. 397; *Felt* v. *Salt Lake City,* 32 Utah 275, 90 Pac. 402. Distinguished *Coalter* v. *Salt Lake City,* 40 Utah 293, 120 Pac. 851; *Gray* v. *Salt Lake City,* 44 Utah 204, 138 Pac. 1177, Ann. Cas. 1916D, 1135.

## APPELLANT'S POINTS.

As the property of the plaintiffs was made a part of Salt Lake City by annexation, and that prior to such annexation there had been no grade of the sidewalk portion of Thirteenth East Street abutting said property established or fixed, and that the ground consisting of said sidewalk was at the natural surface, which was uneven and in some places higher and in others lower than the traveled part of the street, the appellant had the right without paying consequential damages, for the first time, and in the course of normal and ordinary improvement of the sidewalk portion of said street to establish and fix the grade of said sidewalk and cause the same to be brought to such grade. (*Owensboro* v. *Hope*, 108 S. W. 873, 15 L. R. A. [N. S.] 996 [Ky.] ; *Owensboro* v. *Singleton*, 33 Ky. S. Rep. 775; 111 S. W. 284; *Philpot* v. *Tompkinsville*, 148 Ky. 511, 146 S. W. 1093; *Muller* v. *Ry.*, 135 Pac. 631, 632 [Wash.] ; *Schuss* v. *Chehalis*, 144 Pac. 916 [Wash.] ; *Ettor* v. *Tacoma*, 106 Pac. 470 [Wash.].)

There is nothing in the decisions of this court in *Hempstead* v. *City*, 32 Utah 261, or in *Kimball* v. *City*, 32 Utah 253, that conflicts with the position we take here. In the former case this court held that by long acquiescence in the natural grade of Main Street the same became the established grade, and in the latter the grade as actually established by the city had been changed after the improvements had been made; and in both cases the court held that the city was liable because of *changing* the *established* grade. (*Gray* v. *Salt Lake City*, 44 Utah 204, 211.)

Every owner of city property acquires his title subject to the right of the city to make at least reasonable improvements in the streets, so as to make them safe and convenient for public travel. (Subdiv. 8 of Sec. 206; C. L. 1907, as amended by Ch. 100, Laws 1915; *Gray* v. *Salt Lake City*, 44 Utah 204, 213, 218, 219, 220 and 221, and cases cited; *Spokane* v. *Ladies Benevolent Society*, 145 Pac. 443, 446; *Schuss* v. *Chehalis*, *supra; Owensboro* v. *Hope*, *supra;* 4 Dillon on Municipal Corporations [5th Ed.] Sec. 1684; *Mangum* v. *Todd*, 141 Pac. 266, L. R. A., 1915 A. 383 [Okla.] ; *Ettor* v. *Tacoma*, *supra*.)

## RESPONDENT'S POINTS.

That a street grade may be established by implication, or by improving the street at its natural grade, or by user and may be recognized as such is well settled by many authorities. (*Detroit* v. *Snyder,* 156 Mich. 511, 121 N. W. 258; *Gibson* v. *Zimmerman,* 27 Mo. App. 90; *Chattanooga* v. *Gieder,* 13 Lea 611; *In the Matter of Grade,* 154 N. Y. 550; *Falmsbee* v. *Amsterdam,* 142 N. Y. 118, 36 S. E. 821.)

STRAUP, C. J.

The plaintiffs brought this action to recover damages alleged to have been caused to their property situate in Salt Lake City on the east side of Thirteenth East street between Eleventh and Twelfth South streets by the defendant grading the street and sidewalk in front of their premises, dumping earth and material upon and taking a strip of their land, destroying their fence, and rendering rights of way inaccessible. The case, tried to a jury, resulted in a judgment in plaintiffs' favor for $502, from which the defendant appeals.

The plaintiffs acquired the property in 1903. It then was without the corporate limits of the city. The street or highway and a dirt sidewalk had been maintained by the county along Thirteenth East street in front of plaintiffs' premises, and had been traveled and used by the public for many years. The property is especially valuable for residence purposes. Upon it the plaintiffs maintain a dwelling, where they live, and other improvements. The county had not established any official grade of the street. It merely improved it and kept it in repair. There thus was no grade other than the natural grade, and such as existed from long usage, travel, and maintenance of the street. In 1907 the corporate limits of the city were extended so as to take the plaintiffs' property within the city limits. The sidewalk in front of plaintiffs' property for a distance of about 150 feet then was from one to two feet higher than the traveled portion of the street, and for a distance of about 227 feet was from one to two and one-half feet, for a part of the width of the sidewalk, lower than the traveled portion of the street, and for about ten feet at the north end along a gulch was about twenty feet lower.

Thereafter water mains were laid in the street by the city in conformity with such natural grade. In 1913 the city for the first time established an official grade of the sidewalk and street which in front of plaintiffs' property for a distance of about 150 feet lowered the sidewalk from one to three and one-half feet, and for 227 feet raised the sidewalk from one to three feet, and along the gulch raised it twenty feet. The improvement was made in accordance therewith, and in making it the city as claimed by the plaintiffs, for a distance of about 287 feet, extended the sidewalk and encroached upon their property to a width of zero at one end and nine feet at the other, thus taking from them a triangular strip 9x287 feet, tore down their fence, excavated so near their house as to require a retaining wall, dumped earth and material on their premises, and so raised and lowered the sidewalk as to interfere with their rights of way to and from their property. It is stipulated that evidence was given by the plaintiffs "to sustain the allegations of the complaint." We are therefore no longer concerned with the evidence. Furthermore, the whole of the evidence is not before us.

The chief contention of the city is this: Since no official grade had been established along the street by **1, 2** either the county or the city until the grade of 1913, the city claimed the right to establish a first or an initial grade, and to make the improvement in accordance therewith, as was done, without being responsible for consequential damages, and therefore that it was entitled to a directed verdict in its favor. Manifestly that cannot be so, for, on the plaintiffs' stipulated evidence, and upon a finding in harmony with it, the plaintiffs were entitled to recover for the strip of ground taken by the city, tearing down the fence, and dumping earth and material on their premises. And then we do not think the case within the rule where it may be said, as matter of law, that all the city did was merely to correct surface irregularities and inequalities without injuriously affecting plaintiffs' property. We think such matter was for the jury. The motion to direct a verdict was therefore, on both theories, properly overruled.

The defendant also complains of the court's refusal to give

a number of its requests, nine of them. Some of them
are argumentative. The substance of others was given.     3
Those chiefly complained of are in line with the city's
position on its motion to direct a verdict: That it had the
right to fix an initial and official grade and to make the
street conform thereto without being liable for any result-
ing damage, unless the work was done negligently or unneces-
sarily, and that it would be liable for resulting damages to
abutting property only when making improvements under a
changed or re-established grade, and that it had the right to
make "normal and ordinary improvements for street pur-
poses without paying damages to plaintiffs consequent upon
making such improvements." We do not think such a position
so broadly taken, is supported by our prior decisions. In
*Kimball* v. *Salt Lake City*, 32 Utah 253, 90 Pac. 395, 10 L.
R. A. (N. S.) 483, 125 Am. St. Rep. 859; *Hempstead* v. *Salt
Lake City*, 32 Utah 261, 90 Pac. 397; *Felt* v. *Salt Lake City*,
32 Utah 275, 90 Pac. 402, and *Webber* v. *Salt Lake City*, 40
Utah 221, 120 Pac. 503, 37 L. R. A. (N. S.) 1115, we held that
the city was liable for damages to abutting property result-
ing from changing an established grade and making improve-
ments in accordance with the re-established grade after the
abutting property owner had improved his property in con-
formity with the first-established grade. In *Coalter* v. *Salt
Lake City*, 40 Utah 293, 120 Pac. 851, and in *Gray* v. *Salt
Lake City*, 44 Utah 204, 138 Pac. 1177, Ann. Cas. 1916D, 1135,
we, in effect, held that, when a grade of a street was officially
and legally established by a municipality, the abutting prop-
erty owner was charged with notice thereof, and in making fu-
ture improvements was required to make them in conformity
with such established grade; and, failing to do so, he could
not recover for depreciation in value and enjoyment of his
improvements placed upon the property after the grade was
officially and legally established and before the work in the
street in accordance therewith had been done, unless the es-
tablished grade was either expressly or by implication aban-
doned, or was no longer recognized by the municipality, or
existed for such a length of time without making any improve-
ment in conformity therewith as to indicate an abandonment.

The case in hand falls within neither of these and rests on different facts. Here the improvements on the abutting property were made and the property enjoyed before it even was taken within the corporate limits of the city, and no improvements made thereon after the grade was established in 1913. Thus the question is: If, by establishing a grade and by excavating or raising a street and sidewalk in conformity therewith, abutting property is injuriously affected and damaged, may the owner thereof be compensated for such damage? We think this is answered by what is said in *Kimball* v. *Salt Lake City, supra.* It is there said:

"It is likewise true that in some states the law is still to the effect that consequential damages are recoverable only where one established grade is changed to another, and that, until the grade is actually established and acted upon, the municipality is not liable for consequential damages. In other words, the city is given the right to depart from the natural or surface grade and establish a different one without liability, if not otherwise liable for negligence or want of care in constructing the improvement. This, however, is not the law under constitutional provisions like ours, which is thoroughly demonstrated by the following, among other cases upon the subject:   [Citing numerous cases.]"

This holding was made in virtue of the Constitution, that "private property shall not be taken or damaged for public use without just compensation." Thus, in making street improvements, though in accordance with a first or an initial grade, yet if abutting property is injuriously affected and damaged, the owner, under the Constitution, is entitled to compensation for the same reason that he is entitled to compensation when the injury and damage is occasioned on a changed or re-established grade. Both rest on the same constitutional provision requiring compensation for damage to private property for public use. The basis for compensation is not, Was the property damaged by making street improvements in accordance with an initial and official grade established by the municipality, or in accordance with a changed or re-established grade? but, Was private property taken or damaged for public use? If it was so damaged, then the owner is entitled to compensation, unless he in some way estopped or barred himself, or otherwise forfeited his right thereto. So

in making street improvements, though in accordance with a first or an initial grade, yet, if the street or sidewalk, or both, is so far raised or lowered as to injuriously affect abutting property and materially to interfere with its ordinary use and enjoyment, or otherwise is damaged, there is no good reason why, under the Constitution, the owner is not entitled to compensation the same as though the injury and damage were occasioned on a changed or re-established grade. The requests run counter to this, and therefore were properly refused. Had the requests been that the city, without being liable for resulting damage to abutting property owners, had the right to make street improvements which merely corrected surface inequalities and irregularities and rendered the street more safe and convenient for travel, and which were no material injury or damage to abutting property, they very properly could have been given. But they went far beyond this, and to the extent that the abutting property owner was not entitled to compensation, no matter how injuriously his property was affected and damaged, if the improvements made by the city were not negligently or unnecessarily done, and were made to render the street better and more safe and convenient for the traveling public. This, by reason of the constitutional provision, is not in accordance with views heretofore announced by us.

Hence we think the judgment should be affirmed, with costs. Such is the order.

FRICK and McCARTY, J. J., concur.