BINGHAM COAL & LUMBER CO. et al. v. BOARD OF EDUCATION OF JORDAN SCHOOL DIST. OF SALT LAKE COUNTY.

No. 3819. Decided December 20, 1922. (211 Pac. 981.)

1. APPEAL AND ERROR—INSUFFICIENT PLEADING OF CONTRACT IN PARTICULAR COUNT CANNOT BE ASSERTED FIRST ON APPEAL. That pleading is insufficient in that terms of contract sued on are not stated cannot be first asserted on appeal, particularly where the contract is fully stated, both in another count and in defendant's answer.

2. SCHOOLS AND SCHOOL DISTRICTS—EVIDENCE INSUFFICIENT TO SUPPORT FINDING THAT DELAY IN CONTRACT AND RESULTANT DAMAGES WERE CAUSED BY DISTRICT. In an action against a district to recover damages under provisions of a building contract for delay in construction caused by the district, evidence held insufficient to support a finding that the losses were occasioned solely by the district.

3. DAMAGES—INTEREST ON DAMAGES ALLOWABLE AS OF THE DATE OF

DAMAGE. In action for breach of building contract, award of interest on the amount allowed plaintiffs as damages, from the time they were suffered, *held* not open to the objection that, as the damages were unliquidated and uncertain, no interest could be allowed until after judgment.[1]

4. DAMAGES—EVIDENCE—DAMAGES MUST BE PROVEN BY STATEMENTS OF FACTS, NOT CONCLUSIONS; ITEMS OF DAMAGE MUST BE ESTABLISHED BY SUBSTANTIAL EVIDENCE. Damages must be proven by statements of fact, and not mere conclusions of the witnesses, and items thereof must be established by some substantial evidence, so that the court or jury may have a basis for the amount of damages allowed other than mere conjecture.[2]

Appeal from the District Court, Third District, Salt Lake County; *G. A. Iverson,* Judge.

Action by the Bingham Coal & Lumber Company and others against the Board of Education of the Jordan School District, Salt Lake County, and another. From a judgment for plaintiffs, defendant named appeals.

REVERSED AND REMANDED, with directions.

*Ray & Rawlins,* of Salt Lake City, for appellant.

*P. L. Williams,* of Salt Lake City, for respondents Bingham Coal & Lumber Co., Jensen, and Chandler.

*J. B. Wilkins,* of Salt Lake City, for respondent West.

FRICK, J.

The plaintiffs, hereinafter called respondents, commenced this action against the board of education of the Jordan school district of Salt Lake county, hereinafter styled appel-

[1] *Fell* v. *U. P. R. Co.,* 32 Utah, 101, 88 Pac. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137; *Kimball* v. *Salt Lake City,* 32 Utah, 253, 90 Pac. 395, 10 L. R. A. (N. S.) 483, 125 Am. St. Rep. 859.

[2] *Fell* v. *U. P. R. Co.,* 32 Utah, 101, 88 Pac. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137.

lant, in the district court of Salt Lake county, to recover for extra services and materials in addition to the contract price for the erection and completion of a certain school building for appellant, and also to recover damages for alleged breaches of the building contract entered into between appellant and respondent Con West and to which the plaintiff Jacob Jensen became a party by agreement. It is not necessary to state how the plaintiff Bingham Coal & Lumber Company and George E. Chandler became interested as parties to this action.

In the complaint four causes of action were set up. The only cause of action, however, that is in question here is the third, in which a recovery for damages was sought for certain alleged breaches of said building contract. Judgments were entered on the other causes of action, all of which have been satisfactorily settled.

Con West was made a party defendant for the reason that he refused to join with the other plaintiffs as a plaintiff.

It is not necessary to go into further details respecting the relationship of the parties to the transactions involved on this appeal. Nor is it necessary to set forth the allegations of the complaint. A mere reference to them is sufficient.

The appellant answered the complaint, and in its answer pleaded various defenses to some of which special reference will hereinafter be made. Appellant also set up counter-claims against the respondents, or, at least against some of them.

The case was tried by the court without a jury. The court made its findings of fact and conclusions of law on the third cause of action. It found, among other things, that the respondents Con West and Jacob Jensen, as contractors, had suffered damages to the extent of $2,000 by reason of loss of time, etc., in the completion of said school building, which loss of time, the court found, was occasioned through the fault of the appellant. Judgment was entered in favor of Con West and Jacob Jensen under the prayer of the third cause of action. This appeal is from that judgment.

A number of errors are assigned. The first one to be

considered is that the facts stated in the third cause of action are insufficient to constitute a cause of action in that said third cause of action is predicated upon a breach of the building contract which was entered into between appellant and respondent West and was executed by West and Jensen as partners and that the contract is not set forth either in substance or effect, nor by reference, in said third cause of action to any other cause of action. Ordinarily, no doubt, where one brings an action alleging the breach of the terms of a contract, he must plead the terms of the contract and in appropriate language allege the breach or breaches if more than one is relied on. In the third cause of action the breaches claimed by West and Jensen are fully specified, but the terms of the contract are not mentioned. This, no doubt, was due to the fact that in the first cause of action the terms of the building contract were fully pleaded, and the pleader evidently, by inadvertence, failed to refer to that part of the first cause of action when he attempted to make certain facts pleaded in that cause of action a part, by reference, of the third cause of action. The omission was, however, not referred to, nor was any objection upon that ground urged either before or at the trial. The appellant in its answer referred to the contract, and in one of its counterclaims pleaded the terms thereof very fully. It also pleaded some of the conditions set forth in the specifications which were made a part of the contract as though they had been incorporated therein as a defense to the third cause of action. Moreover, the case was tried and determined in the district court as though the terms of the contract had been fully pleaded by respondents in the third cause of action. Under these circumstances the appellant cannot now, for the first time, be heard to complain in this court. A mere formal objection or suggestion in the court below no doubt would have caused respondents to amend the third cause of action so as to incorporate therein, by reference at least, the terms of the contract. In view, however, that the appellant had pleaded the terms of the contract and has tried the case as though the same had been

formally pleaded by the respondents, this assignment is not tenable, and hence must be overruled.

A more serious question, however, is raised by other assignments of error. Appellant, in several assignments and in different ways, insists that the court's findings are not supported by the evidence, that some of the findings are inconsistent and contradictory, and that the conclusions of law and judgment are contrary to the findings of fact.

In order to fully appreciate the effect of the several assignments, it becomes necessary to refer to some of the provisions of the building contract. The court found that one of the articles of the contract provides that—

"The contractor upon receiving from the architect written notice, and within such reasonable time as may be named therein, shall remove from the premises all material, whether worked or unworked, and take down and remove from the premises all portions of the work condemned by the architect as unsound or improper, or in any way failing to conform to the contract; and the contractor shall properly replace and re-execute his work in accordance with the contract and without expense to the owner, and shall bear the expense of making good all work of other contractors destroyed or damaged by such removal or replacement."

Another article, the court found, is as follows:

"Should the owner fail to provide all labor and material not included in this contract, but essential to the conduct of this work in such manner as not to delay its reasonable progress, or should the contractor be damaged by any act or omission of the owner, the right of the contractor to compensation for the damages suffered, whether in the form of unusual or protracted services or otherwise, is conceded, and the amount of such compensation shall be determined and awarded by the architect (subject to arbitration); but no allowance shall be made unless a claim therefor is made in writing or by telegraph to the architect within 48 hours of the occurrence of such damage."

Another article of the contract reads as follows:

"Save only in cases in which an appeal to arbitration is permitted by these general conditions, the final decision of all questions arising under this contract shall be made and given by the architect, and both the owner and the contractor shall be bound thereby, and such decision shall be a condition precedent to any right of legal action by either owner or contractor."

The court in substance found that the contractors pro-

ceeded to construct the front wall of the building· with brick not selected by the appellant or its architect; that appellant objected to the grade of brick that were being used as not suitable; that the brick were not laid according to the specifications, and were irregular, and the joints were not uniform; that the window sills were constructed of inferior material and not according to the specifications; that when the front wall of said building had been constructed "up to the height of the window sills" the contractors, by reason of the use of the brick aforesaid, and by reason of the defects in laying the aforesaid brick and the defects in the said window sills, were required to tear down said wall and said window sills and to use the brick elsewhere in the building, and to replace said window sills with the kind of material provided for in the specifications, and to use the brick in said wall selected by appellant; that said wall was by the contractors taken down and reconstructed with brick selected by the appellant; that by reason of the delay in obtaining special brick the work of replacing said front wall had to be suspended and was delayed "from about the 15th day of August, 1917, until on or about the 15th day of October following"; that during said time the work "proceeded upon other portions of the building"; that the grade of brick required by the appellant "was not obtainable from the brick company until on or about the 10th day of October, 1917"; that the interruptions of the work for the reasons stated "resulted in the disorganization of the force of workmen that said contractors had employed and it was with difficulty that they obtained laborers to prosecute said work," etc. The court then found that by reason of the delay in obtaining said brick and in the reconstruction of said wall the contractors were delayed in completing the building during the fall of said year, and that by reason of the winter coming on further delays and expenses resulted. The court then found that the construction of said building was "delayed in consequence" of the acts and faults of appellant, and that the contractors, by reason of said delay, suffered damages in the sum of $2,000. The court further

found that the contractors "did not within 48 hours of the time of said agreement to tear down and reconstruct said outside wall, or at any other time, or within 48 hours after the reconstruction of said wall, or at any other time," notify appellant or its architects of their claim for damages, and that said contractors never were requested to pass upon the matters in dispute in that portion of the contract we have herein set forth.

In view of the great length of the findings and the many details contained therein, we have found it somewhat difficult to condense them so as to reflect the salient facts. We are of the opinion, however, that enough of the facts have been stated for the purposes of this opinion.

At the trial respondents undertook to prove the damages suffered by reason of the delays stated in the findings as follows: When the contractor West was testifying on behalf of respondents, after stating that the work in reconstructing the wall that was ordered to be taken down and relaid had to be suspended for the reason that the brick which appellant desired were not obtainable for some time, and that by reason thereof the work on the buildings was delayed to the injury of the contractors, he was asked by respondents' counsel this question: "Did you sustain any damages by reason of this delay in the furnishing of the brick?" He answered: "In the neighborhood of about $4,000." Appellant's counsel objected to the answer of the witness and moved to strike it on the ground that the same was improper, etc. The court said that "ordinarily the objection should probably be sustained, but under the circumstances—" The court made no further ruling at that time, and appellant's counsel excepted. Respondent's counsel then propounded this question to the witness: "State the items of your damages." The witness answered, "Well, the damage was to the amount of $2,000," Objection was again interposed, when the court said: "Something more than that is required in order to sustain the allegation of damages." The witness then undertook to give some details respecting the items of damage, but most of his details are

mere guesses and conclusions. For example, he testified: "I lost 10 weeks or 70 days by reason of this alteration." He further stated that the "value of my time is $10 a day, and that of my foreman $8." Afterwards there was also some testimony that he had lost 95 days' time, and that his time was worth $15 per day. Further on, however, when his attention was directed to the fact that he had a special foreman in charge of the work on the school building, for whose lost time he was charging $8 per day, and was asked how he could reconcile that fact with his statement that he was also in charge of the few men he had employed at the building, and whether that was necessary, he said: "I had other work besides. I did not only have one job, but I had several. Q. You had several jobs? A. Yes; I could not look after them all." It was for the reason therefore, that he had these several "jobs" that he justified the claim for damages for the foreman's loss of time. Further on it was also made to appear by uncontradicted evidence that the witness did not lose either 70 of 95 days of time, and that he was at the building only four times after the work was resumed after it had been suspended, and at each time only a few hours. Moreover, it was also shown, without contradiction, that during that time West had his arm broken and was thus unable to attend to his work as he had theretofore been able to do. In stating the damages that the contractors suffered in consequence of being required to take down the defective wall and replacing the window sills so as to make them conform to the specifications, West placed the amount at $600—a mere guess. Then again, although the contractors had used unsuitable brick which had not been selected by either the appellant or its architects, as they had a right to do, as the court in effect found, West stated that the brick afterwards selected by the appellant and which were used in reconstructing the wall cost $335; that is, there were about 13,00 of those brick at $27 per thousand, while the brick to be used by him should have cost only $22 per thousand. Notwithstanding the fact, however, that under the contract West and Jensen were to furnish and pay for

all the material in constructing the school building, apparently he charged appellant with the whole cost of those 13,000 brick at $27 per thousand. Now, it may be that the appellant required the contractors to use a better grade of brick than the contract called for, and, if it did, it would be liable only for the amount that the brick selected cost in excess of the brick called for in the contract, while, in this case, assuming West's statements to be correct, would have been the difference between $22 per thousand and $27 per thousand, or $5 per thousand for the 13,000 brick. This item, therefore, would have amounted to only $65 instead of $335, as stated by West.

It is made apparent that respondent's evidence was all based upon the theory that the appellant was responsible for all of the delays, and every witness who testified for them so treated the matter, and their conclusions with respect to damages were all based upon that theory. We desire to call attention to the fact, however, that much of the delay was caused by the extra work sued for by respondents.

The evidence is also uncontradicted, and the court in effect found, that the wall and the window sills, all of which were inferior to, and not in accordance with, the specifications, were rightfully ordered removed and replaced. It is manifest, therefore, that the appellant is not chargeable with all of the delays, and yet from the amount allowed by the court it would seem that such was its conclusion. If such was not the court's conclusion, then it is most unfortunate that it did not segregate the loss of time that was incident to the contractors' faults and that for which the appellant alone was responsible.

We remark that from the evidence as it now stands it appears that the appellant may be liable for some damages in causing some unnecessary delays, but the items of such damages are not of the magnitude that the court found.

The finding that the appellant was the sole cause of the delays, and therefore liable for the amount of damages found

by the court, finds no support in the evidence, and therefore cannot prevail.

In view that the judgment must be reversed and the cause remanded for a new trial, we desire to call attention to the fact that, while the court sets forth article 29, which required the contractors to serve notice upon appellant or the architects in case they claimed any injury or damage, etc., it makes no finding with regard to that provision of the contract; nor is there anything in the record from which we can determine whether there was any waiver of that provision on the part of appellant or its architects, or whether the district court was of the opinion that for some reason it should not be enforced. In view that appellant's counsel complain that the court gave that provision no effect whatever and respondents' counsel do not present what seems to us a sufficient excuse we have felt constrained to call attention to the matter so that the court may have an opportunity to pass upon the question before this court expresses an authoritative opinion respecting the matter.

Another matter requires attention. The court awarded interest on the amount allowed respondents as damages from the time they were suffered at the legal rate. Appellant's counsel insist that, in view that the damages were wholly unliquidated and uncertain, no interest could be allowed until after judgment. Counsel for both sides have cited numerous cases, but for some reason neither side referred to the cases of this court, where the question now raised is determined. The question was squarely presented in the case of *Fell* v. *U. P. R. Co.*, 32 Utah, 101, 88 Pac.          **3** 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 137, which case is followed in *Kimball* v. *Salt Lake City*, 32 Utah, 253, 90 Pac. 395, 10 L. R. A. (N. S.) 483, 125 Am. St. Rep. 859. The doctrine laid down in those cases has been the law of this jurisdiction for more than 15 years, and has been followed many times by this court. Both the bench and the bar of this state should therefore be well acquainted with those decisions and should regard the question as settled. The rule of the court with respect to interest is in harmony with those cases, and must therefore stand.

A mere cursory reading, however, of *Fell* v. *U. P. R. Co.*, supra, will show that the damages must be proved by a statement of facts, and not by the mere conclusion of the witnesses, as was attempted in the case at bar. Then, again, the items of damage must be established by some substantial evidence so that the court or jury may have a basis for the amount of damages allowed, other than mere conjecture.

From what has been said it follows that the judgment of the district court should be and it accordingly is, reversed; and the cause is remanded to said court, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed. Appellant to recover costs on appeal.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.